UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81596-CIV-MARRA

DENISE L. BAILEY,

Plaintiff,

vs.

STEVE COOPER, an individual, and
SELPAN, LLC, d/b/a SOUTHERN
STAR SALON SERVICES, a Florida
limited liability company, both jointly and
severally,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for a More Definite Statement (DE 5). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

On December 16, 2010, Plaintiff Denise Bailey ("Plaintiff") filed a two-count Complaint against Defendants Steve Cooper ("Cooper") and Selpan, LLC ("Selpan") ("Defendants"), alleging overtime violations pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. According to the allegations of the Complaint, Plaintiff was employed by Defendant Selpan as a store manager and during that employment "was engaged in commerce or in the production of goods for commerce." (Compl. ¶ 4.) Defendant Selpan is "an enterprise engaged in an industry affecting commerce" and "employ[ed] employees engaged in commerce." (Compl. ¶¶ 7,

9, 14.) Defendant Cooper "was and is an employer within the meaning of [ ] 29 U.S.C. § 203(d)." (Compl. ¶ 6.)  Finally, Plaintiff alleges that Defendants did not pay overtime wages due to her. (Compl. ¶ ¶ 9, 14.)

Defendants move to dismiss the Complaint, arguing that the Complaint is devoid of any factual allegations to support Plaintiff's claim that there is either enterprise or individual coverage under the FLSA.  In addition, Defendants contend that the Complaint lacks any factual allegations demonstrating Defendant Cooper is an employer under the FLSA.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion

to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III.  Discussion

The overtime provisions of the FLSA cover enterprises engaged in commerce or in the production of goods for commerce as well as employees who themselves are either engaged in commerce or in production of goods for commerce.  See 29 U.S.C. § 207(a)(1).  For individual coverage to apply under the FLSA, Plaintiff must be able to show that she was (1) engaged in commerce or (2) engaged in the production of goods for commerce.  For example, at trial, Plaintiff will be required to demonstrate that she "directly participate[d] in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, ... or (ii) by regularly using the instrumentalities of interstate commerce in [her] work...." Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006).  For enterprise coverage to apply, the enterprise must be engaged in commerce and its gross sales must exceed $500,000 annually. See 29 U.S.C. §§ 207(a)(1); 203(s)(1)(A).

Here, the Complaint alleges that Plaintiff "was engaged in commerce or in the production of goods for commerce" and Defendant Selpan is "an enterprise engaged in an industry affecting commerce" and "employ[ed] employees engaged in commerce." (Compl. ¶¶ 4, 7, 9, 14.) Defendants argue in their motion to dismiss that the Complaint is devoid of any factual allegations to support Plaintiff's legal conclusion that Plaintiff was engaged in commerce or that Defendant Selpan is an enterprise engaged in commerce. The Court agrees.  There are no allegations as to whether Defendant Selpan's annual gross business volume meets the statutory

threshold, any facts regarding Plaintiff's job duties or any facts describing how the business is operated that demonstrate Plaintiff is engaged in commerce. Such a bare-bones complaint runs afoul of Twombly and Iqbal.

The same analysis can be applied to Defendant Cooper's contention that the Complaint lacks the necessary factual allegations to support the legal conclusion that he is an "employer" under the FLSA. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee ." See 29 U.S.C. § 203(d). Additionally, the Eleventh Circuit has held that a "corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA" as long as that corporate officer is "involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee." Alvarez Perez v. Sanflord-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008). In deciding whether a party is an employer, "economic reality" controls rather than common law concepts of agency. Goldberg v. Whitaker House Cooperative, 366 U.S. 28, 33 (1961). Here, the Complaint merely states Defendant Cooper "was and is an employer within the meaning of [ ] 29 U.S.C. § 203(d)." (Compl. ¶ 6.) Such an allegation is nothing more than a mere label and conclusion. See Twombly, 550 U.S. at 555. Instead, the Complaint should provide some factual basis to support the legal conclusion that Defendant Cooper is an employer under the FLSA.

Simply put, Plaintiff must provide factual underpinnings for the legal conclusions in the Complaint. That stated, the Court recognizes that "[u]nlike the complex antitrust scheme at issue in Twombly that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." Labor v. Labbe, 319 Fed. App'x 761,

763 (11th Cir. Nov.4, 2008).  With this in mind, the Court will grant Plaintiff leave to amend the Complaint, consistent with this Order.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for a More Definite Statement (DE 5) is **GRANTED IN PART AND DENIED IN PART**.  The motion to dismiss is granted and Plaintiff is granted leave to amend the Complaint consistent with the directives in this Order.  The motion for a more definite statement is denied.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd  day of March, 2011.

_____
KENNETH A. MARRA
United States District Judge